### Case No. 9,780.
#### MOORE v. WATERS.
[5 Cranch, C. C. 283.] [1]
Circuit Court, District of Columbia. March Term, 1837.

JUSTICE OF PEACE — JURISDICTION — INCIDENTAL QUESTIONS.

A justice of the peace may have jurisdiction of a matter, incidentally, of which he would not,

[1] [Reported by Hon. William Cranch, Chief Judge.]

if it were the principal cause of action; therefore he may have jurisdiction in an action of debt upon a bond, in the penalty of fifty dollars, conditioned that if a certain bay mare should be proved not to be the property of J. B., the bond should be in full force, otherwise, void; and thus collaterally try the title to the mare.

Replevin of the plaintiff's property, taken by the defendant [John Waters] who was a constable, under and by virtue of a fieri facias issued by a justice of the peace upon a judgment, by him rendered, in an action of debt upon a bond, in the penalty of fifty dollars, the condition of which was that if a certain bay mare (described therein) should be thereafter legally proven not to be the property of James Brown, then the bond to be in full force; otherwise void.

Mr. Brent, for plaintiff [James Moore], contended that the justice had no jurisdiction to try the title to the mare, which was the only matter tried by the justice.

Mr. Bradley, contra. The cause of action is a debt of fifty dollars; this is within the jurisdiction of the justice, and he cannot be ousted of that jurisdiction by reason of any collateral matter which may come in question, incidentally, upon the trial.

THE COURT (MORSELL, Circuit Judge, doubting) was of opinion that the justice had jurisdiction of the cause. The bond was a contract to pay $50, upon a certain event. Whether that event had or had not occurred, was a question incidental to the question whether the debt was due or not. If the justice admitted improper evidence, it was error, but could not oust him of jurisdiction. Verdict for defendant.

---

### Case No. 9,781.
#### MOORE v. WILMARTH et al.
[4 Leg. Int. 195.]
Circuit Court, D. Massachusetts. Nov. 5, 1847.

EXECUTION — IMPRISONMENT FOR DEBT — FEDERAL COURTS — FOLLOWING STATE PRACTICE — PUBLIC AND PRIVATE DEBTORS.

1. If a debtor, after suit in this court, takes the benefit of the insolvent laws of Massachusetts, he is entitled, under the acts of congress as to imprisonment for debt, to have an execution issued against his property alone.

[See Moan v. Wilmarth, Case No. 9,686.]

2. The body of a private debtor, when sued in a United States court, is imprisoned, or not, on execution, according to the laws and policy of the state in which the execution issues; but an execution against a debtor to the United States is governed by the uniform and fixed laws of congress.

[See Moan v Wilmarth, Case No. 9,686.]

Before WOODBURY, Circuit Justice.

[Nowhere more fully reported; opinion not now accessible.]